**Chart of Claim Elements Alleged in the SEC's Complaint**

| Claim | Elements | Contested | Paragraphs satisfying elements |
|---|---|---|---|
| Violations of Securities Act Section 17(a)(1)–(a)(3) (Unicoin, Konanykhin, Moschini, and Dominguez) | The defendant made a misrepresentation or omission as to which the defendant had a duty to speak | X | 2-15, 45-46, 54, 58-61, 63, 65, 67-70, 74-99, 101-112, 114, 117-145, 147-157, 173-195, 199-202, 207-221, 225-240, 242-246, 250-269, 271-273, 276, 278-291, 294-306, 310-314, 324-25, 333-348 |
| | The misrepresentation or omission was material | X | 2, 4, 7-13, 16, 16, 63, 68-72, 74-75, 78-79, 81, 85-89, 91, 94-95, 98-99, 106-10, 117, 119-36, 155, 160-63, 172, 174, 179, 186-92, 201, 212-14, 217-19, 221, 225, 227-28, 238, 240, 250, 259-63, 272-73, 275, 277-78, 298-306, 334-48 |
| | The defendant acted with scienter[1] | X | 5, 28-31, 53-54, 99-105, 113-16, 118, 146-49, 159-71, 176, 179, 186-89, 194, 196, 199-210, 221-34, 239, 241, 244-45, 247-48, 250-55, 257-58, 264, 279, 287, 292, 299, 301, 303, 305, 307-08, 315-32, 335-43, 344-48 |
| | The defendant obtained money or property by means of the untrue statement or omission.[2] | X (for Moschini and Dominguez only) | 1-2, 11, 13, 16, 29-30, 39, 62, 65-67, 73, 127, 129, 131, 133, 136, 312-13, 321, 324-25, 337, 341-42, 345, 348 |
| | The defendant acted in connection with the purchase or sale of any security[3] | | |
| Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder (Unicoin, Konanykhin, Moschini, and Dominguez) | (Same)[4] | X | (Same) |

---

[1] This element does not apply to claims under Securities Act Section 17(a)(2) or (3).

[2] This element only applies to claims under Securities Act Section 17(a)(2). Defendants did not include this in their chart, but contested the issue in their Memorandum with respect to Moschini and Dominguez.

[3] Claims under Section 17(a) of the Securities Act require defendant to have acted in connection with the *offer* or sale of securities.

[4] Claims under Section 10(b) of the Exchange Act and Rule 10b-5 thereunder require defendant to have acted in connection with the *purchase* or sale of any security.

| Claim | Elements | Contested | Paragraphs satisfying elements |
|---|---|---|---|
| Violations of Securities Act Sections 5(a) and (c) (Unicoin and Konanykhin) | There was no registration statement as to the subject securities | | |
| | The defendant sold or offered to sell the securities | X | 1-2, 11, 17, 39-52, 62, 65, 67, 117, 127-29, 131, 133, 136, 299, 301, 303, 305, 349-83, 387-88 |
| | The defendant used interstate transport or communications and the mails in connection with the offer or sale | | |
| | No exemption applies[5] | X | 358-61, 369-70, 382-88 |
| Violation, as a Control Person, of Section 10(b) and Rule 10b-5 Thereunder, Pursuant to Exchange Act Section 20(a) (Konanykhin) | There was a primary violation by the controlled person | X | (see above) |
| | The defendant controlled the primary violator | | |
| | The defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud | | |

---

[5] This is not an element of the SEC's prima facie case. The applicability of an exemption from the registration requirements of Section 5 is an affirmative defense that Defendants are required to plead and prove.