**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X

Securities and Exchange Commission,                    :
                                                       :        Case No. 1:25-cv-04245-AS
                            Plaintiff,                 :
                                                       :
             v.                                        :
                                                       :
Unicoin, Inc.; Alexander Konanykhin; Maria            :
Silvina Moschini; Alejandro Dominguez;                 :
Richard Devlin,                                        :
                                                       :
                            Defendants.                :
                                                       :
                                                       :
------------------------------------------------------- X

### MEMORANDUM OF LAW OF THE DIGITAL CHAMBER IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT UNICOIN, INC.'S MOTION TO DISMISS

The Digital Chamber (the "Chamber"), formerly known as the Chamber of Digital

Commerce, respectfully moves for leave to file a brief as *amicus curiae* in support of Defendant

Unicoin, Inc. ("Unicoin")'s Motion to Dismiss in response to the Complaint filed by the

Securities and Exchange Commission (the "SEC" or "Commission").  ECF 30.  A copy of the

Chamber's proposed *amicus curiae* brief is attached as Exhibit A to the accompanying

Declaration of Stephen Rutenberg.[1]

### INTEREST OF THE PROPOSED *AMICUS CURIAE*

The Digital Chamber is a national trade association founded in 2014 to promote the

responsible development of blockchain and digital asset technologies within the United States.

Since its founding, the Chamber has engaged with Congress, federal agencies, courts, and state

---

[1]    Defendant Unicoin have informed the undersigned counsel that it consents to the relief sought herein.  The SEC has separately informed the undersigned that it takes no position on the request for leave to file the proposed amicus brief.

regulators on issues relating to digital asset market structure, investor protection, and regulatory clarity.

The Chamber's members include token issuers, blockchain developers, digital asset exchanges, custodians, institutional investment firms, technology providers, and other market participants operating across the digital asset ecosystem. Its members range from early-stage innovators to established financial institutions integrating digital asset technologies into existing market infrastructure.  The Chamber's leadership team and Board of Advisors includes policy and legal experts, industry pioneers, and former regulators.

A core focus of the Chamber's work is advocating for clear, predictable, and technology-neutral legal frameworks that allow market participants to operate in compliance with the law while supporting continued innovation. Its members routinely structure digital asset offerings and related products in reliance on publicly articulated regulatory standards.  With respect to federal securities laws, the Chamber invests significant resources to promote industry compliance and provide education and technical assistance to policy makers.

Although the Chamber expresses no view on the alleged conduct at issue, the Chamber has an interest in ensuring that the legal framework applied to digital assets underlying an investment contract is clear and consistent.  It submits this *amicus* brief to address the principles of fair notice and due process that constrain the imposition of liability, as well as the constitutional limits on agency authority and the need for clear congressional direction in the regulation of digital assets.

This enforcement action reflects an earlier regulatory approach in which the SEC applied decades-old securities statutes to emerging digital asset products absent clear legislative or regulatory direction. The product at issue, contingent rights tied to a potential future decentralized token, was not addressed by existing legislation or formal rulemaking from the SEC at the time of

the alleged conduct. Innovators in the digital asset industry were therefore left to operate without defined regulatory standards or authoritative guidance governing such instruments, and innovators such as Unicoin should not be held liable for the SEC's prior failure to give fair notice as to the application of securities laws to these innovative products.

## ARGUMENT

Courts have "broad" discretion to permit the filing of *amicus* briefs, *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, No. 11-CV-6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011), and generally authorize the filing of *amicus* briefs that "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994).  Importantly, a party seeking to participate as an *amicus* "need not be completely disinterested in the outcome of the litigation." *C & A Carbone,* 2014 WL 1202699, at *4; *see also SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2021 WL 4555352, at *6 (S.D.N.Y. Oct. 4, 2021) (allowing *amici* to participate over the plaintiff's objection that they were "not neutral" because "by the nature of things an amicus is not normally impartial" (citation omitted)).

The attached amicus brief readily satisfies that standard.  The Chamber has a strong interest in assisting the Court in evaluating the broader constitutional and regulatory implications presented by this enforcement action.  It is a national trade association founded in 2014 to promote the responsible development of blockchain and digital asset technologies within the United States. Since its founding, the Chamber has engaged with Congress, federal agencies, courts, and state regulators on issues relating to digital asset market structure, investor protection, and regulatory clarity.

This case directly implicates those interests. The SEC's theory would extend the securities laws to contingent rights tied to future decentralized tokens in the absence of formal

3

rulemaking or clearly defined compliance pathways, effectively allowing regulatory boundaries to be defined through enforcement rather than through prospective legislative or administrative clarification.

The Chamber thus has "relevant expertise and a stated concern for the issues at stake." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). Its brief will provide "unique information" about the shortcomings of the complaint, which will assist the Court in the disposition of Unicoin's Motion to Dismiss. *Auto. Club*, 2011 WL 5865296, at \*2.

<strong><u>CONCLUSION</u></strong>

Accordingly, the Chamber respectfully requests that this Court grant its motion for leave to file the attached *amicus* brief in support of Unicoin's Motion to Dismiss.

Dated: New York, New York
       March 2, 2026

Respectfully submitted,

*/s/ Stephen Rutenberg*
Stephen Rutenberg
Duane Morris, LLP
22 Vanderbilt
335 Madison
New York, NY 10017
Tel: +1 305 960 2266
SRutenberg@duanemorris.com

- and –

Stefanie Wayco
Duane Morris, LLP
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309-3929
Tel:  +1 404 253 6900
SMWayco@duanemorris.com

*Attorneys for The Digital Chamber*