# Exhibit A

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------- X
Securities and Exchange Commission,   :
                      :    Case No. 1:25-cv-04245-AS

         Plaintiff,   :
                      :

     v.                 :
                      :

Unicoin, Inc.; Alexander Konanykhin; Maria   :
Silvina Moschini; Alejandro Dominguez;   :
Richard Devlin,   :
                      :

        Defendants.   :
                      X

-------------------------------------------------------

*AMICUS CURIAE* **BRIEF OF ACCREDITED INVESTORS OF UNICOIN, INC. IN
SUPPORT OF DEFENDANT UNICOIN, INC.'S MOTION TO DISMISS**

Stephen Rutenberg
Duane Morris, LLP
22 Vanderbilt
335 Madison
New York, NY 10017
Tel: +1 305 960 2266
SRutenberg@duanemorris.com

*Attorney for the Accredited Investors*

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

BACKGROUND ...............................................................................................................2

I.      Interest of Amici Curiae............................................................................................2

II.     Factual Background. ..................................................................................................3

MEMORANDUM OF LAW ...............................................................................................4

I.      This SEC Action is Harming Investors...................................................................4

II.     Unicoin's Investors Continue to Support the Company. .......................................5

III.    Unicoin Provided Significant Transparency to Investors. ....................................7

CONCLUSION...................................................................................................................8

## **INTRODUCTION**

Amici curiae are six accredited investors who invested in Unicoin, Inc. ("Unicoin") from its inception in 2019 through present and are individual holders of Unicoin Rights Awards Certificates. Amici represent a portion of Unicoin's outside investors and include among them one of the company's largest investors. Amici are sophisticated accredited investors with substantial experience investing in early-stage companies and other inherently speculative ventures. They invested in Unicoin because the company demonstrated to investors an exceptional level of transparency and a commitment to regulatory compliance in a legally uncertain emerging industry. In evaluating and making their investments, amici relied on Unicoin's offering materials, formal disclosures, financial reports, and direct communications with the company, rather than isolated statements on social media.  An additional 188 of Unicoin's investors have signed onto this *amicus curiae* brief.

Amici do not speak for Unicoin. Rather, they submit this brief to inform the Court of the real-world consequences that the SEC's prosecution of this action is having on investors. The SEC asserts that it brought this action to protect Unicoin's investors. Yet notably absent from the SEC's Complaint are any allegations that any Unicoin investor has come forward claiming to have been defrauded or harmed to date. To the contrary, investors supporting this brief—who represent a significant portion of Unicoin's outside investors and include among them one of the company's largest investors—continue to support the company and its leadership. Indeed, the SEC's action appears to penalize the very transparency and regulatory engagement that initially attracted investors to Unicoin.

For Unicoin's investors, the continuation of this enforcement action undermines rather than protects their investments. Since the filing of the Complaint, the value of amici's investments has significantly declined, development of the project has stalled, and the company's ability to

1

continue advancing its platform has been materially impaired. If the motion to dismiss is not granted, the continuation of this action may threaten the company's viability, thus placing the value of the investors' capital at serious risk.

Amici respectfully submit that dismissal of the Complaint would serve the interests of the investors the securities laws are intended to protect.

## BACKGROUND

### I.      Interest of Amici Curiae

Amici are accredited investors with decades of cumulative investment experience in startups like Unicoin. Amici were presented with the opportunity to invest in a novel product idea—a decentralized token backed by real-world assets ("RWAs"), namely real estate. In taking the calculated risk to invest in Unicoin, investors relied on the company's representations made in (1) the private placement memoranda describing its idea to develop a new asset-backed cryptocurrency; (2) audited annual financial statements prepared by an independent registered public accounting firm and filed with the SEC; (3) other SEC disclosures; and (4) real estate valuations performed by independent appraisers. Investors also relied on Unicoin's disclosures regarding the uncertain legal and regulatory treatment of the future token and the company's stated intention to pursue a path that would allow the project to operate within an appropriate legal framework. Unicoin explained to investors that, given the uncertain regulatory landscape, it intended to pursue a compliant regulatory pathway and was considering approaches that could involve treating the token as a security or otherwise operating within the applicable legal framework.

Investors were impressed by the level of transparency and accessibility that Unicoin consistently demonstrated from the beginning, including through nearly daily updates to investors, and many of them continued to invest additional funds. In fact, Unicoin's founders built a

reputation of credibility with investors in some of their previous projects, and it was those same outstanding qualities that caused several of those same investors to take a chance on Unicoin.

Despite Unicoin's apparent commitment to transparency and compliance, the SEC has opted to prosecute this action against the company even though the Complaint is devoid of any allegation that an investor came forward claiming that they were defrauded. The SEC's maintenance of this action is not protecting investors. It is actually having the complete opposite effect, as the value of amici's investments has significantly dropped since this action was filed because Unicoin's development of the token has been forced to a halt. Accordingly, amici strongly urge the Court to dismiss this lawsuit.

## II.    Factual Background.

According to the Complaint, Unicoin began offering and selling contingent rights to a contemplated digital currency referred to as "unicoins" in early 2022, which it intended to issue in a future initial coin offering. ECF No. 1 ¶¶ 39, 41–42. The Complaint alleges that the proposed tokens were described as to be supported by a diversified portfolio of equity interests in startups and real estate. *Id*. ¶ 81. On February 7, 2022, Unicoin issued a private placement memorandum ("PPM") establishing the terms of what it called "Unicoin Rights Certificates." *Id*. ¶¶ 41–45.

Each PPM characterized the Rights Certificates as unregistered securities offered solely to accredited investors pursuant to exemptions under Regulations D and S of the Securities Act. *Id*. ¶¶ 48–50. Investors were required to execute a presale certificate stating: "THIS CERTIFICATE IS A SECURITY AND HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933." *Id*. ¶ 51. The PPMs further disclosed that the Rights Certificates were subject to resale restrictions and contingent upon the future issuance of unicoins. *Id*. ¶¶ 48–50. They cautioned that compliance with U.S. securities laws could "take a year or more" and that there was "no guaranty" the tokens which were tied to the Rights Certificate would ultimately be issued or registered. *Id*..

3

On May 20, 2025, the SEC filed this enforcement action alleging violations of Sections 5(a) and (c) and 17(a)(1)–(3) of the Securities Act of 1933, and Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 thereunder. The Complaint alleges that Unicoin made false or misleading statements in connection with the marketing of the Rights Certificates and engaged in unregistered offers and sales. *Id*. ¶¶ 2–17. The allegations do not challenge the formal disclosures contained in the PPMs themselves, but instead focus primarily on statements allegedly made outside those offering documents, including statements disseminated through social media. The SEC seeks injunctive relief, disgorgement, and civil penalties. *Id*. at 75–76.

Even accepting the Complaint's allegations as true, the SEC's theory depends upon the premise that the underlying token—or the contingent rights tied to it—qualifies as a "security" within the meaning of the federal securities laws. The token, however, was never issued, and no formal regulatory framework addressed the treatment of such contingent instruments at the time of the alleged conduct.

### **MEMORANDUM OF LAW**

Amici respectfully submit that the Complaint should be dismissed for three independent reasons. First, this SEC action is harming—not protecting—Unicoin's investors. Second, Unicoin's investors are not fraud victims and continue to support the company. Third, Unicoin provided investors with an unusually high level of transparency.

### **I.    This SEC Action is Harming Investors.**

The SEC's mission is to protect investors. Yet, amici have experienced ongoing, concrete harm from this enforcement action. Unicoin's investors did not seek the SEC's intervention to protect their interests, nor does the SEC's Complaint make any such allegations. This lawsuit has had the opposite effect, and amici see no actual investor-protection benefit in the SEC's theory.

Before the SEC filed suit, Unicoin was progressing toward launching its token, completing asset deals, and growing its platform, all of which would reward the investments of amici. Due to the filing of this action, however, the project has stalled. Specifically:

- the token launch has been frozen;

- asset deals have been paused or canceled;

- investor rights cannot be redeemed or liquidated;

- the company's reputation has been damaged;

- potential partnerships have evaporated; and

- investors' financial expectations have been crushed.

Amici's holdings—Unicoin Rights Certificates—are now illiquid, uncertain, and effectively trapped. The continuation of this enforcement action makes it extremely difficult for Unicoin to operate, secure additional funding, or continue developing the project. In practical terms, allowing the case to proceed may threaten Unicoin's viability and place the entire value of the investors' capital at serious risk. The continuation of this litigation would only amplify these ongoing consequences, and thus denial of Unicoin's motion to dismiss could be catastrophic for its investors. Far from protecting investors—the SEC's central mission—the continuation of this action risks undermining and potentially destroying the very investments the securities laws are intended to safeguard. Investors should not become collateral damage of an enforcement strategy directed at the broader digital asset industry, particularly one that the SEC's current leadership has publicly reconsidered.

## II.    <u>Unicoin's Investors Continue to Support the Company.</u>

Amici do not view themselves as victims of fraudulent representations made by Unicoin. Notably, the SEC's Complaint does not identify a single investor who claims to have been

5

defrauded, and amici are not aware of any investor who has come forward asserting that they were misled or harmed by the company. Amici and most, if not all, of the company's investors continue to trust Unicoin's leadership and believe the company has operated fairly and transparently, even after the filing of this action. The allegations in the Complaint do not alter investors' view of the project or their investment decisions and, even if assumed to be true, are not material to the decision to invest.

The views expressed in this brief reflect the experiences of the amici themselves, who collectively represent a significant portion of Unicoin's outside investors. In describing their investment decisions and their continued support for the company, several amici explain that they invested only after conducting their own independent assessments of the opportunity and the risks associated with early-stage digital asset ventures. As one experienced investor described, the decision to invest followed "my own independent assessment of the opportunity and the risks associated with emerging digital asset projects." These investors consistently point to what they perceived as Unicoin's effort to bring "a higher level of transparency and structure to the crypto space," including engagement with regulatory frameworks, independent audits, and the involvement of an experienced executive team whose professional reputations were closely tied to the success and legitimacy of the project. Another amicus investor noted that Unicoin maintained regular visibility into its strategy and actions and communicated openly with investors about its progress and challenges. Several amici further explain that they continue to support the company because they believe the management team has acted "in good faith while navigating a complex regulatory and market environment."

The SEC's case appears to focus heavily on allegedly misleading social media posts and other public statements, but Unicoin's investors did not rely on those statements in making their

6

investment decisions. At most, such statements constitute ordinary promotional hyperbole common in early-stage ventures, not the type of information accredited investors rely upon when committing capital. Indeed, no reasonable sophisticated investor would base an investment decision primarily on isolated social media statements, particularly where the company provided extensive offering materials and disclosures.

III.    **<u>Unicoin Provided Significant Transparency to Investors.</u>**

From its inception, Unicoin distinguished itself from the vast majority of cryptocurrency ventures by choosing—proactively and voluntarily—to treat itself as an SEC-reporting company. Despite the lack of a legal and regulatory framework governing projects like Unicoin, the company has voluntarily filed annual reports on Form 10-K that included audited financial statements, risk factors, descriptions of operations, details about asset acquisitions, business strategies, and forward-looking statements. Unicoin has also consistently provided investors with regular updates and detailed offering materials.

Such transparency and compliance efforts are what made the company an attractive investment opportunity to amici and distinguish it from other companies in the digital asset space. Importantly, Unicoin's investors are accredited and are, therefore, experienced market participants who routinely evaluate risk, including the possibility of loss, and allocate capital accordingly. The investors reviewed Unicoin's disclosures and documentation and made their investment decisions based on those materials and their own independent diligence. Their investment decisions were not driven by online marketing hype or promotional statements, but by the information provided and their own evaluation of the opportunity. These investors did not seek additional government intervention, that undermines the value of their investments under the guise of protecting them.

**CONCLUSION**

This case presents the Court with a dilemma that it should resolve in favor of Unicoin's investors. On the one hand, the SEC claims that it filed this action under the securities laws designed to protect Unicoin's investors. On the other hand, Unicoin's investors have not claimed any harm by the company based on the corporate representations forming the gravamen of the SEC's case. Amici, representing a substantial portion of Unicoin's investors, do not believe that the company harmed them at all, and it is actually the SEC's maintenance of this action that is causing them concrete, ongoing harm.

Amici chose to invest in Unicoin because the company presented themselves as a digital asset company with a novel idea in a legally uncertain space. Despite these uncertainties, Unicoin enacted a company culture of transparency and compliance, providing investors with access to information and voluntarily providing the SEC with disclosures. Amici continued to invest in Unicoin for these reasons and not because of any puffery that the company may have published on social media or on media circuits. The disclosures that Unicoin provided to investors upfront, and continue to provide, are what sealed the deal for amici as sophisticated, accredited investors.

For these reasons, amici respectfully urge the Court to grant Unicoin;s the Motion to Dismiss.

Dated: New York, New York
        March 31, 2026

Respectfully submitted,

*/s/ Stephen Rutenberg*
Stephen Rutenberg
Duane Morris, LLP
22 Vanderbilt
335 Madison
New York, NY 10017
Tel: +1 305 960 2266
SRutenberg@duanemorris.com
*Attorney for Accredited Investors*

8