**UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X

Securities and Exchange Commission,  :
  :    Case No. 1:25-cv-04245-AS
Plaintiff,  :
  :
v.  :
  :
Unicoin, Inc.; Alexander Konanykhin; Maria  :
Silvina Moschini; Alejandro Dominguez;  :
Richard Devlin,  :
  :
Defendants.  :
  :
  :
------------------------------------------------------- X

### MEMORANDUM OF LAW OF ACCREDITED INVESTORS IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT UNICOIN, INC.'S MOTION TO DISMISS

Six Accredited investors who invested in Unicoin, Inc. ("Unicoin") from its inception in 2019 through present and are individual holders of Unicoin Rights Awards Certificates (collectively, the "Accredited Investors" or "Amici"), respectfully move for leave to file a brief as *amicus curiae* in support of Defendant Unicoin, Inc. ("Unicoin")'s Motion to Dismiss in response to the Complaint filed by the Securities and Exchange Commission (the "SEC" or "Commission").  ECF 30.  A copy of the Amici's proposed *amicus curiae* brief is attached as Exhibit A to the accompanying Declaration of Stephen Rutenberg.[1]  An additional 188 of Unicoin's investors have also agreed to the filing of the *amicus curiae* brief.

### INTEREST OF THE PROPOSED *AMICUS CURIAE*

Amici represents six of Unicoin's outside, including among them one of the company's largest investors. Amici are sophisticated accredited investors with substantial experience investing in early-stage companies and other inherently speculative ventures. They invested in

---

[1]    Defendant Unicoin, Inc. has informed the undersigned counsel that it consents to the relief sought herein.  The SEC takes no position on the request for leave to file the proposed *amicus* brief.

1

Unicoin because the company demonstrated to investors an exceptional level of transparency and a commitment to regulatory compliance in a legally uncertain emerging industry. In evaluating and making their investments, the Amici relied on Unicoin's offering materials, formal disclosures, financial reports, and direct communications with the company, rather than isolated statements on social media.

Amici do not speak for Unicoin.  Rather, they seek to inform the Court of the real-world consequences that the SEC's prosecution of this action is having on investors. The SEC asserts that it brought this action to protect Unicoin's investors. Yet notably absent from the SEC's Complaint are any allegations that any Unicoin investor has come forward claiming to have been defrauded or harmed to date. To the contrary, investors supporting this brief—who represent a portion of Unicoin's outside investors and include among them one of the company's largest investors—continue to support the company and its leadership. Indeed, the SEC's action appears to penalize the very transparency and regulatory engagement that initially attracted investors to Unicoin. For Unicoin's investors, the continuation of this enforcement action undermines rather than protects their investments. Since the filing of the Complaint, the value of amici's investments has significantly declined, development of the project has stalled, and the company's ability to continue advancing its platform has been materially impaired.

## **ARGUMENT**

Courts have "broad" discretion to permit the filing of *amicus* briefs, *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, No. 11-CV-6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011), and generally authorize the filing of *amicus* briefs that "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994).  Importantly, a party seeking to participate as an *amicus* "need not be completely disinterested in the outcome of the litigation." *C & A Carbone,* 2014 WL

1202699, at \*4; *see also SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2021 WL 4555352, at \*6 (S.D.N.Y. Oct. 4, 2021) (allowing *amici* to participate over the plaintiff's objection that they were "not neutral" because "by the nature of things an amicus is not normally impartial" (citation omitted)).

The attached amicus brief readily satisfies that standard. The Amici has a strong interest in assisting the Court in evaluating the impact on investors such as themselves presented by this enforcement action. The Amici's interests are otherwise not represented in this case, while any determinations in the case would heavily affect the Amici's interests.

The Amici thus has "a stated concern for the issues at stake." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). Its brief will provide "unique information" about the implications of the complaint, which will assist the Court in the disposition of Unicoin's Motion to Dismiss. *Auto. Club*, 2011 WL 5865296, at \*2.

## CONCLUSION

Accordingly, the Accredited Investors respectfully requests that this Court grant its motion for leave to file the attached *amicus* brief in support of Unicoin's Motion to Dismiss.

Dated: New York, New York
      March 31, 2026

Respectfully submitted,

*/s/ Stephen Rutenberg*
Stephen Rutenberg
Duane Morris, LLP
22 Vanderbilt
335 Madison
New York, NY 10017
Tel: +1 305 960 2266
SRutenberg@duanemorris.com

*Attorneys for The Accredited Investors*

3

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

I, Stephen Rutenberg, an attorney duly admitted to practice before this Court, hereby certify that this memorandum of law complies with the word count limit set forth in Local Rule 7.1(c) because it contains 716 words, excluding those items excluded by Local Rule 7.1(c). In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated: March 31, 2026                                    <u>  */s/ Stephen Rutenberg*   </u>
                                                             Stephen Rutenberg